UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS GAVINA SANCHEZ,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION CENTER, et al.,<br>Respondents. | Case No. 1:26-cv-01445-KES-HBK (HC)<br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENTS' MOTION TO DISMISS[1]<br>(Doc. 9) |

Petitioner Nicolas Gavina Sanchez, a pro se immigration detainee in the custody of U.S. Immigration and Customs Enforcement (ICE) at the Golden State Annex Detention Center in McFarland, California, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1, "Petition"). The Petition alleges that Petitioner's detention without a bond hearing under 8 U.S.C. § 1226(c) has become unreasonably prolonged in violation of the Due Process Clause of the Fifth Amendment. (*Id*. at 8-13). Petitioner seeks a declaration that his continued detention violates due process rights, his release following a bond hearing before this Court, or an order

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

directing an immigration judge ("IJ") to conduct a bond hearing at which the Government bears the burden of establishing, by clear and convincing evidence, that his detention is warranted. (*Id.* at 2, 17).

Respondent moves to dismiss, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) because he was convicted of an aggravated felony. Respondent further contends that due process concerns associated with indefinite detention are inapplicable because detention under § 1226(c) has a definite endpoint: the conclusion of removal proceedings. (Doc. 9 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018) (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003) (mandatory detention under 8 U.S.C. § 1226(c) has a "definite termination point" when a decision is made regarding an alien's removability)). Petitioner did not file an opposition, and the deadline to do so has expired.

It is undisputed that Petitioner falls within § 1226(c) based on his conviction for the aggravated felony offense of sexual abuse of a minor. Accordingly, for the reasons set forth below, the undersigned recommends that the district court grant Respondent's motion.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. (Doc. 9-1 at 2). He was admitted to the United States in 2011 as the married child of a United States citizen. (*Id.*).

On August 6, 2024, Petitioner was convicted of lewd or lascivious acts with a child under 14, in violation of California Penal Code ("CPC") § 288(a). (*Id.*). He was sentenced to three years' imprisonment. (*Id.* at 7, 23).

On November 29, 2025, Enforcement and Removal Operations ("ERO") interviewed Petitioner before his release from California Correctional Institution ("CCI") in Tehachapi. (*Id.* at 22). Based on his criminal history, ICE issued a Notice to Appear charging Petitioner as removable under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), based on a conviction for an aggravated felony as defined in INA § 101(a)(43)(A), an offense relating to murder, rape, or sexual abuse of a minor. (*Id.* at 2).

Petitioner is currently detained under INA § 236(c), 8 U.S.C. § 1226(c), and is housed at the Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 2).

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4 of the Rules Governing Section 2254 Cases, if a habeas petition survives screening, the court must order the respondents to file an answer, motion, or other response. R. Governing 2254 Cases 4. A motion to dismiss is treated as a request for dismissal under Rule 4. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). The court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

### A. Jurisdiction

A district court may grant habeas relief to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction over habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

### B. Mandatory Detention Under 8 U.S.C. § 1226(c)

Section 236 of the INA governs the arrest and detention of noncitizens during removal proceedings. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

Petitioner is detained pursuant to 8 U.S.C. § 1226(c), which, requires the Attorney General to take into custody specified noncitizens who are inadmissible or deportable based on certain criminal convictions or terrorism-related grounds. The statute generally permits release <u>only</u> <u>when</u> necessary for witness-protection purposes <u>and</u> when the noncitizen established that he poses neither a danger to persons or property nor a flight risk. 8 U.S.C. § 1226(c)(1)-(2). *See Sanchez-Rivera v. Matuszewski*, 2023 WL 139801, *2 (S.D. Cal. Jan. 9, 2023) ("[a]liens detained under § 1226(c) do not get a bond hearing.").

The Supreme Court held that § 1226(c), read with § 1226(a), requires detention of

noncitizens within its scope pending a decision whether they will be removed. *Jennings v. Rodriguez,* 583 U.S. 281, 303-04 (2018). Because § 1226(c)(2) permits release "only if" specified witness-protection conditions are satisfied, the statute "expressly and unequivocally" prohibits release on any other grounds. *Id*. at 304. Thus, § 1226(c) does not confer a right to periodic bond hearings or impose a time limitation on detention.

Petitioner has been detained for approximately nine months. (Doc. 9-1). It is undisputed he was convicted under CPC § 288(a) of committing lewd or lascivious acts with a child under 14. That offense categorically constitutes sexual abuse of a minor and, therefore, an aggravated felony offense under 8 U.S.C. § 1101(a)(43)(A). *See Doe v. Chestnut*, 810 F. Supp. 1169, 1186 (E.D. Cal. Nov. 20, 2025) ("A conviction under CPC § 288(a) is a categorical crime of sexual abuse of a minor and a per se aggravated felony").

Accordingly, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) and is not statutorily entitled to a bond hearing. *See* 8 U.S.C. § 1226(c); *Jennings*. 583 U.S. at 303-04.[2]

C. Detention under 1226(c) Without a Bond Hearing

1. Supreme Court Holdings

Petitioner contends that his detention without a bond hearing violates the Fifth Amendment's Due Process Clause. (Doc. 1 at 9-13). The Fifth Amendment prohibits deprivation of liberty without due process of law. U.S. Const. amend. V. Although noncitizens are entitled to due process in removal proceedings, the protections afforded may vary depending on their immigration status and circumstances. *Reno v. Flores*, 507 U.S. 292, 305 (1993*); Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). Detention during removal proceedings has long been recognized as constitutionally permissible by the Supreme Court. *Demore v. Kim*, 538 U.S.510, 513 (2003); *Carlson v. Landon*, 342 U.S. 524, 538 (1952).

The Court's decisions interpreting 8 U.S.C. § 1226(c) establish that mandatory detention

---

[2] Petitioner alleges that he is innocent and was falsely accused. (Doc. 1 at 5-6). To the extent he challenges his inclusion in the mandatory-detention category within the meaning of 8 U.S.C. § 1227(a)(2)(A)(iii), he may seek a *Joseph* hearing before an IJ. At such a hearing, a detainee may avoid mandatory detention by showing that he is not a noncitizen, was not convicted of the alleged predicate offense, or that the Government is substantially unlikely to establish that mandatory detention applies. *Demore v. Kim*, 538 U.S. 510, 513 n.3 (2003); *Matter of Joseph*, 22 I&N Dec. 799, 799 (BIA 1999).

applies to covered noncitizens during removal proceedings; release is permitted only in the narrow statutory witness-protection exception; and detention remains authorized even when immigration authorities do not take the noncitizens into custody immediately upon release from criminal custody. *See Demore,* 538 U.S.510; *Jennings,* 583 U.S. 281, and *Nielsen v. Preap,* 586 U.S. 392 (2019).

In *Jennings*, the Court held that § 1226(c) does not create a statutory right to periodic bond hearings and rejected an implied six-month limit. The Court expressly declined, however, to resolve whether prolonged mandatory detention may violate due process as applied in an individual case.

2. Circuit Split

A developing circuit split exists whether the Fifth Amendment requires a bond hearing when detention under § 1226(c) becomes unreasonably prolonged.

In *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024), the Eighth Circuit held that the Fifth Amendment imposes no time limit on detention under § 1226(c) while removal remains possible. The court reversed an order requiring a bond hearing after approximately one year of mandatory detention holding, "due process imposes no time limit on detention pending deportation." *Id*. at 930. It concluded that the Due Process Clause imposes no temporal limit on mandatory detention under § 1226(c), so long as removal remains possible and detention continues to serve the nonpunitive purposes of effectuating removal proceedings. *Id*. at 930-34.

This approach conflicts with those of the Third and Second Circuits, which recognize that § 1226(c) detention may become constitutionally unreasonable on an as-applied basis and may require an individualized bond hearing. *See German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020) and *Black v. Decker* / *Black v. Genalo*, 103 F.4th 133 (2d Cir. 2024).

In *German Santos*, the Third Circuit held that approximately two-and-a-half years of mandatory detention was unreasonable remanded for application of a four-factor reasonableness test: (1) duration of detention, (2) the likelihood that detention will continue, (3) the reasons for delay, and (4) whether the conditions of confinement meaningfully differ from criminal

punishment.

In *Black v. Decker*, the court rejected a categorical rule that § 1226(c) permits detention throughout the duration of removal proceedings. Rather, whether detention has become constitutionally unreasonable is a case-specific inquiry. Rather than adopting a fixed temporal trigger, it adopted the three-factor framework from *Mathews v. Elridge*: (1) private interest; (2) risk of erroneous deprivation and value-added safeguard; and (3) Government interest and administrative safeguards. Once the threshold is met, due process requires a bond hearing at which the Government must prove by clear and convincing evidence that continued detention is necessary to prevent danger to the community or flight risk.

On June 15, 2026, the Supreme Court granted certiorari in *Genalo v. Black,* No. 25-886. The Court granted review of two questions: (1) whether detention under 8 U.S.C. § 1226(c) can become "unreasonably prolonged" while removal proceedings are pending, such that the Due Process Clause requires a bond hearing; and (2) if a bond hearing is constitutionally required, whether due process requires the government, rather than the detained noncitizen, to prove by clear and convincing evidence that continued detention is justified.[3] 2026 WL 1718025 (U.S. June 15, 2026).

Although district courts in the Ninth Circuit have recognized that as an applied due process claim may remain available after *Jennings*, no controlling Ninth Circuit decision has adopted a uniform test or established a fixed temporal trigger. *See e.g*. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201, 1203 (9th Cir. 2022).

3. Survey of Lower Court Rulings

In light of the lack of guidance from the Supreme Court, and the dearth of guidance from most Circuit courts, district courts across the country disagree on how to evaluate as-applied due process challenge, including the weight, or lack thereof, that should be accorded to the length of a petitioner's detention under § 1226(c). As in *Banyee*, select courts have declined to apply a balancing test or recognize an implicit temporal threshold of any kind in assessing an as-applied

[3] The Court also directed the parties to brief whether "G.M's case is now moot."

due process challenge to "prolonged" detention under § 1226(c). *See, e.g., Carlos A.C.J. v. Warden, Mesa Verde Det. Facility*., No. 1:26-CV-05216-MWJS, 2026 WL 2035436, at *2 (E.D. Cal. July 14, 2026) (holding eight months of custody alone did not violate due process "regardless of precisely what legal standards the court adopts."); *Keo v. Warden of the Mesa Verde ICE Processing Ctr*., 2025 WL 1029392 (E.D. Cal. Apr. 7, 2025) (declining to apply a balancing test and finding no due process violation in petitioner's detention under § 1226(c) because his detention was not indefinite and there was no indication removal proceedings were intended to incarcerate him for other reasons). More commonly, as summarized at length in *Keo*, courts apply a myriad of overlapping balancing tests to determine whether a petitioner's due process rights were violated when they were detained under § 1226(c) without a bond hearing, largely considering some combination of length of detention, likely length of future detention, reasons for delays and which party the delays are attributable to, and in some cases, conditions of confinement. *See Keo*, 2025 WL 1029392, at *5 (outlining tests applied by multiple district courts, and varying conclusions as to whether detention without a bond hearing was found to be a violation of due process rights)

4. Analysis

First, Petitioner argues that his detention under § 1226(c) for more than six months without a bond hearing is facially unconstitutional. (Doc. 1 at 8-9). As discussed *supra*, the Supreme Court rejected this facial challenge in *Jennings,* 583 U.S. at 304 (holding that reading an implicit six-month limit into § 1226(c) falls "far short of a 'plausible statutory construction.'"); *see also Riego v. Scott*, 2025 WL 660535, at *2 (E.D. Cal. Feb. 28, 2025).

Petitioner next generally contends that his nine-month detention has become unreasonably prolonged and that due process requires an individualized bond hearing under *Mathews v. Eldridge* or a "multi-factor" reasonableness inquiry such as the test applied by the Third Circuit. (Doc. 1 at 9-13 (citing e.g., *German Santos*, 965 F.3d at 210-22)). Respondent counters that Petitioner's detention is mandatory under § 1226(c) because of his aggravated felony conviction and remains constitutionally permissible because it serves the Government's interests in ensuring removal, protecting the public from "dangerous criminal aliens," and the proceedings have a

definite termination point. (Doc. 9 at 4-5).

The assigned district judge has held that § 1226(c) detainees possess a "liberty interest" in "freedom from prolonged detention," and has applied the *Mathews* factors to determine whether detention become unreasonably prolonged in violation of due process. *See Flores Jimenez v. Andrews*, 2026 WL 1040948, at *4-5 (E.D. Cal. April 16, 2026).

As noted *supra*, under *Mathews*, the Court considers: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the Government's interests.

First, freedom from restraint lies at the core of the liberty protected by the Due Process Clause. *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017). But the relevant question is whether due process requires an additional individualized release proceeding at this stage. Here, Petitioner's detention follows a qualifying criminal conviction and an immigration charging determination, not a bare arrest. His nine-month detention is also substantially shorter than the 14 months the Ninth Circuit assumed could be "prolonged" in a "general sense" in the § 1226(a) context. *Rodriguez Diaz*, 53 F.4th at 1207. And the period is far shorter than the two-and-a-half-year detention at issue in *German Santos.*

Moreover, the Ninth Circuit cautions that courts "cannot simply count [the] months of detention and leave it at that"; rather, the court must also consider the process an individual has received to date, the further process available to him, and whether "detention was prolonged due to his decision to challenge his removal order." *Id*. Petitioner has procedural avenues to contest removability, seek administrative review, or request a *Joseph* hearing. His removal proceedings remain ongoing, with a master calendar hearing before an immigration judge scheduled for September 18, 2026. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (case status determined with Petitioner's A-File Number) (last visited August 19, 2026).[4] Petitioner identifies no Government-caused delay. Instead, the record indicates that the length of proceedings results from Petitioner's pursuit of

[4] The Court may take judicial notice of information on official government websites. *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010).

available relief, an important right, but one that does not itself entitle him to a bond hearing. See *Oladipupo*, 2023 WL 3568498, at *5. *Oladipupo*, 2023 WL 3568498, at *5 (noting there was "no indication proceedings were unreasonably delayed for any reason attributable to the government," rather, the length of petitioner's detention "is primarily attributable to the avenues for relief that he has pursued and his requests for extensions of time.").

Nor does Petitioner contend that the proceedings are intended to "incarcerate [him] for other reasons," nor does Petitioner argue that his detention does not serve "its purported immigration purpose" or that he is being detained indefinitely. *See Demore*, 538 U.S. at 533 (Kennedy, J., concurring); see Jennings, 583 U.S. at 304 ("detention under detention under § 1226(c) has a 'definite termination point': the conclusion of proceedings."). Thus, although Petitioner's liberty interest is substantial, the first factor does not weigh heavily in his favor under these circumstances.

Second, the risk of erroneous deprivation under the current procedures is limited. Congress made the categorical judgment that noncitizens removable for the § 1226(c) offenses should remain detained while removal is adjudicated. *Jennings* confirms that detention under § 1226(c) generally continues pending a removal decision and that release is permitted only under the statute's specified conditions. 583 U.S. at 303-04 ("By expressly stating that the covered aliens may be released 'only if' certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmation prohibition on releasing detained aliens under any other conditions."). Petitioner's conviction involving a minor supports the public safety rationale requiring mandatory detention and reinforces, rather than undermines, Congress's judgment.

A bond hearing is not constitutionally valuable merely because time has passed. Petitioner must show that detention has become unreasonable in light of his particular procedural posture. On this record, an additional hearing focused on danger and flight risk would add limited value, given the qualifying conviction and the available immigration procedures through which Petitioner is contesting removal. Thus, the Court finds this factor favors Respondent.

Third, the Government unquestionably has a substantial interest in enforcing immigration

laws, ensuring attendance at removal proceedings, and protecting the community from danger. *Rodriguez Diaz*, 53 F.4th at 1208. In *Demore*, the Supreme Court recognized that Congress drafted § 1226(c) to respond to the increasing rates of crime and failure to appear for removal hearings among removable noncitizens convicted of certain crimes; thus, "the Government may constitutionally detain deportable [non-citizens] during the limited period necessary for their removal proceedings." 538 U.S. at 518-21, 526. The Government's interest is particularly strong here, where Petitioner's conviction involved a minor child and the public-safety rationale for detention remains substantial. *Cf.* 18 U.S.C. § 3142(e)(3)(E) (creating a rebuttable detention presumption in certain federal cases involving minor victims).

Petitioner does not dispute that he is subject to mandatory detention under § 1226(c), nor does he contend that he qualifies for a statutory exception. There is also no indication that removal proceedings are serving an improper punitive purpose or that detention will be indefinite. *See Denmore*, 538 at 527, 538. The third factor strongly favors the Respondent.

Balancing the *Mathews* factors, the Court concludes that Petitioner's substantial liberty interest does not outweigh the Government's regulatory interests at this time. *See Romero-Romero v. Wofford*, 2025 WL 391861, at *9 (E.D. Cal. Feb. 4, 2025) (granting respondent's motion dismiss after applying *Matthews v. Eldridge* and noting "should circumstances change and continued detention appear to be indefinite in nature, due process may require a different outcome."). Petitioner has not established that his nine-month detention is unreasonably prolonged. He identifies no delay attributable to the Government, and his case is scheduled for a hearing before an immigration judge scheduled for September 18, 2026. Accordingly, Petitioner is not presently entitled to an individualized bond hearing. He may file a new petition if materially changed circumstances demonstrate that his detention has become constitutionally prolonged or otherwise alter the *Mathews* balance.

Accordingly, IT IS RECOMMENDED**:**

Respondent's Motion to Dismiss (Doc. 9) be GRANTED and the Petition be denied.

NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: August 19, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE