UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS GAVINA SANCHEZ , Petitioner, v. WARDEN, GOLDEN STATE ANNEX DETENTION CENTER, et al., Respondents. | Case No.: 1:26-cv-01445-KES-HBK (HC) ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENTS' MOTION TO DISMISS, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Docs. 1, 9, 10) |

Petitioner Nicolas Gavina Sanchez is an immigrant detainee in U.S. Immigration and Customs Enforcement (ICE) custody at the Golden State Annex Detention Facility in McFarland, California, proceeding with counsel on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 20, 2026, the assigned magistrate judge issued findings and recommendations ("F&R") to grant respondents' motion to dismiss (Doc. 9) and deny the petition because petitioner's detention is mandated under 8 U.S.C. § 1226(c) and had not become unreasonably prolonged under the specific circumstances of petitioner's case. Doc. 10. The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. *Id*. Petitioner has not filed objections,

and the deadline to do so has passed.

In accordance with 28 U.S.C. § 636(b)(1), this court conducted a de novo review of this case. Having carefully reviewed the matter, the court adopts the recommendation to deny the habeas petition because petitioner fails to establish on this record that due process required an individualized bond hearing.

Based upon the foregoing, the court ORDERS:

1. The findings and recommendations issued on August 20, 2026 (Doc. 9) are adopted in part, as set forth above;
2. Respondents' motion to dismiss (Doc. 9) is granted.
3. The petition for writ of habeas corpus (Doc. 1) is dismissed. The dismissal is without prejudice to petitioner filing a new habeas petition if his detention under § 1226(c) becomes unreasonably prolonged.
4. The Clerk of the Court is directed to terminate any pending motions/deadlines and close the case.

IT IS SO ORDERED.

Dated: October 26, 2026

UNITED STATES DISTRICT JUDGE